## THE SISTERS OF MERCY IN THE CITY OF BALTIMORE *vs.* HARRY M. BENZINGER AND ELMER J. COOK, TRUSTEES.

*Construction of a Charitable Devise in Which the Same Corporation Receives Different Names.*

A testator devised certain land, after a life estate therein, to "The Trustees of the Roman Catholic Asylum for Widows in the City of Baltimore," "The Little Sisters of the Poor in the City of Baltimore" and four other designated corporations as tenants in common. The Trustees of the Roman Catholic Asylum for Widows, incorporated in 1854, was commonly called The Little Sisters of the Poor at the time the will was executed and it was incorporated as The Little Sisters of the Poor in 1876. *Held*, that although the testator named the same corporation twice, he had in mind but one, and that that corporation takes a one-fifth share of the estate as tenant in common with the other four named corporations.

Appeal from an order of the Circuit Court for Baltimore County (FOWLER, C. J., and BURKE, J.)

The second clause of the will is as follows :

Second : I give, devise and bequeath unto my beloved wife, Mary Power, to have, hold, use, occupy, possess and enjoy during her natural life, as long as she shall remain unmarried all the land and premises with the improvements thereon and the rights and appurtances thereto belonging or in any wise appertaining, situate in Baltimore County, near to Mt. Washing-

ton, and now occupied by my said wife and me, more particularly described in a deed from William H. Keener to me, dated the twenty-first day of May, in the year eighteen hundred and sixty-six recorded, etc., and the rents and incomes, benefits and profits to receive and take and apply to her own use during her natural life, or so long as she shall remain unmarried and at her death or marriage, which ever shall first happen, my will is and I give, devise and bequeath the said land and premises, with the improvements thereon and the rights and appurtenances thereto belonging or in any wise appertaining to the Sisters of Mercy at Mt. Washington, in Baltimore County, Maryland. The Trustees of the Roman Catholic Asylum for Widows in the City of Baltimore. The House of the Good Shepherd in the City of Baltimore. Saint Vincent de Paul Benevolent Association on Front street, in the city of Baltimore, Saint Mary's Industrial School for Boys in the city of Baltimore and The Little Sisters of the Poor in the city of Baltimore, as tenants in common, share and share alike.

The agreed statement of facts was as follows :

"It is agreed between the Sisters of Mercy in the City of Baltimore, a body corporate, the reported purchaser of the property in this case, and Harry M. Benzinger and Elmer J. Cook, trustees appointed to make sale of the property in this cause, that the trustees of the Roman Catholic Asylum for Widows in the City of Baltimore was incorporated by the Act of 1854, chapter 199, of the General Assembly of Maryland, and that it was known and called by the name of The Little Sisters of the Poor, for years prior to their incorporation as such, by the Act of 1876, chapter 42.

"It is further agreed as a fact, that the last mentioned Act went into effect March 9th, 1876, and that the will of Edward Power, a certified copy of which is filed as an exhibit in this case was executed by the testator about seven months prior to March 9th, 1876, that the said testator, Edward Power, died on August 8th, 1876, having been a resident of Baltimore County for years prior to his death, that at the time of

making said will and at the time of his death he was seized in fee of the property mentioned and described in these proceedings and which was sold by the aforesaid trustees to The Sisters of Mercy in the City of Baltimore in accordance with the report of sale filed in this cause. That Mary Power, wife of the said testator, life tenant under the said will, died during the year 1901, prior to the time of the filing of the bill in this cause for the sale of the said property."

The cause was argued before McSherry, C. J., Page, Boyd, Pearce, Schmucker and Jones, JJ.

*O. F. Hershey* (with whom was *Robert Crain* on the brief), for the appellant.

The will apparently names six devisees, two of which are the "Trustees of the Roman Catholic Asylum for Widows in the city of Baltimore," and "The Little Sisters of the Poor in the city of Baltimore." It appears that the "Trustees of the Roman Catholic Asylum for Widows in the city of Baltimore," was incorporated in the year 1854, but that it was generally and popularly known as "The Little Sisters of the Poor," and that by the Act of 1876, chap. 42, which went into effect March 9th, 1876, its legal name was changed to "The Little Sisters of the Poor." The will of Edward Power was executed August 7th, 1875. The testator died August 8th, 1876. The appellant contends that either the devise to the "Trustees of the Roman Catholic Asylum for Widows in the city of Baltimore" or the devise to "The Little Sisters of the Poor" fails. If this contention be correct, the devisees being tenants in common, the void devise could not go to the other tenants in common, unless the devise be to the objects as a class. The devise was not to the objects as a class. *Jarman on Wills*, 6th ed., vol. 2, secs. 1128 and 1129; *Bolles* v. *Smith*, 39 Conn. 219; *Shaffer* v. *Kettell*, 14 Allen, 528; *Hoppock et al.* v. *Tucker et al.*, 59 N. Y. 209–211; *Provenchere's Appeal*, 67 Pa. St. 468. A void devise of land descends to the heir at law of the testator. *Brantly's Digest*, vol. 1, pg. 415; *Orrick* v.

*Boehm*, 49 Md. 72; *Lingan* v. *Carroll*, 3 H. & McH. 333. The presumption is in favor of the heir at law, notwithstanding Code, Art. 93, sec. 321. *Rizer* v. *Perry*, 58 Md. 137.

The Court below seem to conclude that it is the clearly expressed intention of the testator "to divide the property mentioned among certain corporations which he attempted to name specifically." If the language of the will in any way indicated a devise to a class, this construction might be tenable; but we fail to see any similarity in its provisions to those in wills thus construed.

*Harry M. Benzinger* (with whom was *Jas. S. Calwell* and *Boarman & Lindsay* on the brief), for the appellees.

It was the clear intention of the testator, as shown by his will, to devote this property to charity, and the objects of his bounty were all corporations well known in the city of Baltimore at the time of the making of the will, with the exception of the Little Sisters of the Poor, who were in fact a corporation, but not incorporated under that name, they being incorporated under the name of the Trustees of the Roman Catholic Asylum for Widows in the city of Baltimore. But it appears that the common name by which they were known in the community at that time was the Little Sisters of the Poor. Under no aspect of the case could the heirs of Edward Power, deceased, be necessary parties to the proceedings as contended for by the appellant, because a mere misnomer of a corporation will not defeat a devise or bequest to it, where the corporation is clearly identified. *Reilly* v. *Union Protestant Infirmary*, 87 Md. 664.

The language of the devise precludes the Trustees of the Roman Catholic Asylum for Widows in the city of Baltimore, and the Little Sisters of the Poor in the city of Baltimore from taking two shares of the estate of said deceased, as it says that they are to take as *tenants in common, share and share alike*, and it is impossible for a corporation to hold as tenant in common with itself.

PAGE, J., delivered the opinion of the Court.

This appeal is from an order overruling exceptions to a sale made by trustees appointed by a decree of the Court to make sale of certain real estate described in the second paragraph of the will of Edward Power, deceased. The bill was filed by one of the devisees named in the paragraph against the others ; the heirs at law of the deceased are not made parties. It appears that the "Roman Catholic Asylum for Widows in the City of Baltimore" and "The Little Sisters of the Poor," both named as devisees in the paragraph as tenants in common with other devisees therein named, are in fact one and the same concern ; and it is contended by the appellant that by reason of this fact, either the "bequest to the Roman Catholic Asylum, or the one to The Little Sisters of the Poor" must fail, "in which case one share would by law revert to the heirs of the testator ; and they not having been made parties to the proceedings the trustees cannot convey a good and marketable title to the exceptant."

The second paragraph of the last will of Edward Power, after granting the real estate therein mentioned to the wife of the testator during her natural life or so long as she shall remain unmarried, further provides that at her death or marriage, whichever shall first happen, the said land and improvements shall pass to the "Sisters of Mercy at Mt. Washington, in Baltimore County, Maryland." "The trustees of the Roman Catholic Asylum for Widows in the City of Baltimore, The House of the Good Shepherd in the City of Baltimore, Saint Vincent de Paul Benevolent Association on Front street in the City of Baltimore, Saint Mary's Industrial School for Boys in the City of Baltimore, and The Little Sisters of the Poor in the City of Baltimore, as tenants in common, share and share alike." It appears, from the Agreed Statement of Facts "that the trustees of the Roman Catholic Asylum for Widows in the City of Baltimore was incorporated by the Act of 1854, chapter 199, of the General Assembly of Maryland, and that it was known and called by the name of The Little Sisters of the Poor for years prior to their

incorporation as such by the Act of 1876, ch. 42." It does not appear there was any other association known by the name of The Little Sisters of the Poor. It would seem therefore to be clear that when the testator designated the trustees of the Roman Catholic Asylum, and The Little Sisters of the Poor, he had in mind only one corporation. The only peculiarity of this devise is that the testator has twice named the same corporation when designating who should be the devisees of the property. Had no other devisees been named, the character and extent of the estate would not be altered by the fact that the corporation designated, had been twice referred to by different names. In this case, it is clear what the testator intended. That was, that the property after the death or marriage of Mrs. Power should pass to the several corporations mentioned, "as tenants in common share and share alike." He has named five corporations, only, as his devisees, and declared in plain terms that after the determination of the particular estate, the property shall pass to them in equal parts. The fact that one of the devisees is twice named, cannot make any difference, from the fact that the intention of the testator to be gathered from the words he has employed, cannot be found to be that each devisee shall take only a one-sixth interest. He desired that each shall take "share and share alike;" that is that each shall take an equal interest, and there being but five, each takes a one-firth share.

It follows from what has been said that the order of the lower Court must be affirmed.

*Order affirmed.*

(Decided November 20th, 1902.)